NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued March 31, 2021
Decided July 19, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

| | |
|---|---|
| No. 20-3050 | Appeal from the United States District Court for the Western District of Wisconsin. |
| IN THE MATTER OF A GRAND JURY SUBPOENA | No. 19-mj-64-jdp |
| | James D. Peterson, *Chief Judge*. |

**O R D E R**

A federal grand jury issued a subpoena to a corporation, which moved to quash. The district court's chief judge issued several opinions addressing the corporation's concerns, which principally relate to the production of information held in electronic form. The judge ordered the search to be narrowed using file extensions and key words. The corporation, still dissatisfied, has appealed. We issued a stay of enforcement pending the resolution of the appeal.

The rule of secrecy with respect to grand jury matters, see Fed. R. Crim. P. 6(e); *Butterworth v. Smith*, 494 U.S. 624 (1990); makes it impossible for us to do more than hint at the nature of the parties' dispute. More information would permit readers to identify the nature of the investigation and its subject. The district court issued some opinions under seal, but we do not think that an appropriate step for a court of appeals. And

selectively blacking out words, sentences, or paragraphs in an appellate decision, as is sometimes done, would make our disposition of this appeal incoherent. (Page 5 of the corporation's redacted brief gives the flavor of the problem.) We have elected, therefore, to omit almost all descriptive matter and focus on the single subject on which we disagree with the district judge's approach.

After the appeal was filed, the term of the grand jury that issued the subpoena expired. A new grand jury has renewed the subpoena, however, so the appeal is not moot. *In re Grand Jury Proceeding*, 961 F.3d 138, 150–51 (2d Cir. 2020). The nature of the contested issues has not changed.

The corporation furnished some information in response to the subpoena. The prosecutor, on behalf of the grand jury, sought more, and the district judge largely sided with the prosecutor. Because the subpoena calls for production of documents from an electronic database that contains millions of records, everyone agreed that a means had to be found to winnow the information. The subpoena is broadly worded, to ensure that it turns up all relevant information, and the presumption of enforceability means that the district judge did not abuse his discretion in concluding that the grand jury is entitled to insist that the corporation sift through its files to locate those that are responsive. See, e.g., *McLane Co. v. EEOC*, 137 S. Ct. 1159, 1167 (2017); *United States v. R. Enterprises, Inc.*, 498 U.S. 292, 298–99 (1991). Yet many files within the database will not be responsive (even arguably). Searches of electronic data usually turn up lots of records that the searcher does not want to see. Any lawyer who has conducted a search for a statute or a judicial decision on Westlaw or Lexis understands this problem. A keyword search seeking one or two opinions may turn up one or two hundred.

So the keywords and file extensions must be revised as the search continues, in order to narrow the field. The district judge heard argument from the parties and specified key words and extensions that the corporation must use. Thinking with some reason that the corporation was overstating both the cost and difficulty of compliance, and underproducing records that it had already found, the district judge insisted that the corporation conduct a search using the keywords and extensions that the judge had selected, and turn over everything that matches the judge's criteria.

We appreciate the judge's frustration with what he perceived to be a combination of foot-dragging and crying wolf. But we think that the judge halted this iterative process too soon. A subpoena, as enforced, must be reasonable. Fed. R. Crim. P. 17(c)(2); *R. Enterprises, Inc.*, 498 U.S. at 299–302. We've mentioned lawyers' common experience that keyword searches turn up all manner of dross and must be refined. The problem with the district court's order is that it does not include any means of refining the search to avoid overbreadth and focus on responsive documents. That's true not only of key

words but also of extensions. For example, the subpoena requires the corporation to turn over all pictures of a particular facility. The judge ordered it to produce all files with extensions such as gif or jpeg, which designate pictures. The result is bound to include pictures of Christmas decorations, employees showing off new babies, calibration tests of machinery unrelated to the investigation, and many other categories of documents that are not responsive to the subpoena.

The judge understandably does not trust the corporation to do the sifting and does not want to spend the time needed to work through the initial set of results and refine the search terms himself. This seems to us a good occasion for referring the matter to a magistrate judge or a special master, who can give the judge a sense of how the search terms can be refined to increase the ratio of relevant to irrelevant hits.

The order enforcing the subpoena is affirmed, but the case is remanded for further proceedings consistent with this order to take further prudent steps to see how the designated terms work and exclude the production of documents that are manifestly unresponsive to the subpoena.